## † Phillips *versus* Inhabitants of Veazie.

For injuries to travelers occasioned by a necessary alteration of an highway, through want of sufficient notice or warning of such change, the town is primarily liable, although such change is being effected by a railroad company, under the authority of their charter.

Suggestions made by the presiding Judge in the course of his charge to the jury, as to any facts in the case, but which are left to their determination, are not open to exceptions.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

CASE, for damages sustained by plaintiff from a defective highway in the town of Veazie.

The Penobscot Railroad Company under their charter, located their road across one of the highways of Veazie, and at the time of the accident to plaintiff, were making the necessary alterations in the highway to correspond with the grade of their road. A sidewalk from two to three feet above the traveled part of the road had been maintained for several years, and the railroad company had made a cut near to the sidewalk, and between that and the traveled part of the way, for six or eight rods, a part of it being six feet deep.

The plaintiff, ignorant of the alterations in the highway, was traveling over it on foot, in a dark night, and was found in the deepest part of the cut with his thigh bone broken.

There was evidence tending to show that the company had put up a slab three and one half feet high with stakes across the sidewalk, about two rods from the place where the plaintiff was found.

The counsel for defendant requested the following instructions : —

1. If the Penobscot Railroad Corporation, at the time of the accident, were lowering said highway, by their construction of their railroad across said highway and the company had not completed said alterations, at the time of the accident, the town of Veazie is not liable in this case, even if the corporation had caused a defect at the place of the accident, by which the injury was caused.

2. If the said railroad corporation, in pursuance of their charter, were in the act of constructing their railroad across said highway, and for this purpose were lowering said highway to accommodate the grade of their road, and had not at the time of the accident, completed said alteration, and

given notice thereof in writing to one of the selectmen of the town of Veazie, and the injury was caused by a defect in the highway made by the corporation, in making such alteration, the defendants are not liable.

3. That if the railroad corporation, in constructing their track across said highway, used ordinary care and prudence in keeping said highway safe and convenient for travelers, and the injury was occasioned by the alteration or change in the highway made by the corporation, the defendants are not liable.

The first two requested instructions were refused, the third was given.

In the course of his charge, the Judge remarked, that although in this case, the fence across the sidewalk might have been sufficient notice and a guard to those who had knowledge of it, yet the jury could judge, whether to those who had no knowledge of it, it might not, perhaps, in the darkness of night, have contributed to increase the danger against which it was intended to guard, and have been itself a defect in the road.

Other instructions in the cause were not objected to. A verdict was returned for plaintiff, and defendants excepted to the refusal to give the requested instructions, and to the one above given.

*Wakefield,* for defendants.

1. The instructions requested should have been given. The railroad corporation had absolute and exclusive power to raise or lower the highway, and the town could not interfere while that process was going on. R. S., c. 81, § 8. By the 14th § of the same Act, the railroad company is required, while such acts are being done, to provide suitable and temporary ways.

The defect was made by the corporation and the highway was under their charge alone, and it is only after the alteration has been completed that the town has any authority over it.

The statute makes a distinction as to the liability of towns

by indictment, and for damages; because they are liable to an indictment it does not follow that they would be in damages. c. 25, § 57.

2. The right of action of towns against railroad corporations, is too limited to admit of any other construction of the statute. R. S., c. 81, § 11.

3. The instruction given as to the fence across the sidewalk, was erroneous; the fence could not at the same time be a notice and warning, and itself a defect. The jury were misled by the suggestions of the Judge.

*Peters*, for plaintiff, supported the proceedings of the presiding Judge, and cited *State* v. *Inhabitants of Gorham*, 37 Maine, 451; *Currier* v. *Inhabitants of Lowell*, 16 Pick. 170.

The remarks of the Judge about the fence, was a matter of fact for the jury; no law was attempted to be given in that particular.

APPLETON, J. — This was an action on the case, brought by the plaintiff to recover compensation for an injury sustained in consequence of a defect in the road over which he was passing.

There seems to have been little question as to the situation of the road, and that its defective condition was occasioned by the acts of the Penobscot Railroad Co., in constructing their road over that of the defendants.

The Court instructed the jury, that "if they were satisfied by the evidence beyond any reasonable doubt, that the highway was defective, and that the defendants had reasonable notice of the defect in it, and that ordinary care was not exercised to give notice to the public, or to put travelers on their guard against danger of injury occasioned by such defects in the highway, caused by the changes made and being made therein: and that the plaintiff in the exercise of ordinary care, and without fault on his part while traveling over the road was injured by reason of such defect alone, he would be entitled to recover pay for the

actual damage occasioned to him by such injury." This instruction would seem sufficiently favorable to the defendants. It is not perceived to afford good ground of exception.

The plaintiff was traveling in the night, and so far as the evidence indicated, ignorant of the condition of the road. It seems there was a fence erected across the sidewalk on the road, for the purpose of notice and protection. In reference to this state of things, the presiding Judge remarked, " that although in this case the fence across the sidewalk might have been sufficient notice and a guard to those who had knowledge of it, yet the jury would judge whether to those who had no knowledge of it, it might not, perhaps, in the darkness of the night, have contributed to increase the danger against which it was intended to guard, and have been itself a defect in the road." It is urged that this was erroneous. But this was not and could not have been understood to be an instruction as to any matter of law arising in the cause. It was simply a suggestion as to a matter of fact, the force and effect of which, was specially reserved for the consideration of the jury. No rule of law was given, nor was intended to be given for their guidance.

The injury was primarily occasioned by the acts of the Penobscot Railroad Corporation, and the instructions requested, were, that if so occasioned, no action could be maintained against the defendants. In *Currier* v. *Lowell*, 16 Pick. 170, a similar question arose, in reference to which the Court say, " that the case stands in regard to travelers just as if the inhabitants of the town were making extensive alterations in a highway, or were making a new bridge, or repairing an old one upon a highway. They must conduct the work in such a manner as that the persons and property of the travelers passing, shall not be unreasonably exposed. Suppose a road or bridge was carried away by a torrent, the Legislature intended that repairs should be made in a reasonable time, and the proper guards or cautions should be set up and made known to travelers, to prevent injuries. The

Phillips *v.* Veazie.

remedy for the traveler who is injured in person or property is immediately against the town, upon which the liability is imposed by statute." It was held in *Elliot* v. *Concord*, 7 Foster, 204, that towns are liable in the first instance, for special damages occasioned by any obstruction placed in a public highway, without right, by any person or corporation. In that case, a railroad company was required by its charter so to construct its railroad as not to obstruct the safe and convenient use of any highway. While building an embankment for their track across an highway, a traveler sustained special damages from the obstruction. The town in such case was held primarily liable to the person sustaining damages. In *Batty* v. *Duxbury*, 24 Vermont, 155, the Court decided that where railroads obstruct the highways, towns must provide a suitable and proper way for the public to pass around the obstructions, and use proper and reasonable precautions to divert the travel from such highways to the byway, while they remain unsafe for the public, and though the railroad be bound to make the byway, and fail to make it safe for public use, this will not exonerate the town from liability, for the town is primarily liable to the traveler. The town must make the road reasonably safe for travel, or see it so made by others. In *State* v. *Gorham*, 37 Maine, 451, this Court held, where bridges and abutments, erected by a railroad company, constituted part of the highway, which the town was bound to keep in repair, that in case of want of repair, the town was liable to indictment. According to the principles determined in the cases just cited, the instructions given must be regarded as correct, and those refused, as having been properly refused.

*Exceptions overruled.*
*Judgment on the verdict.*